117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re: Clayton J. BALES; June W. Bales, dba Frontier Lodge
and Motel 3141 Bronco, Debtors.
Clayton J. BALES; June W. Bales, dba Frontier Lodge and
Motel 3141 Bronco, Appellants,
v.
CALIFORNIA PROPERTIES FUND, Appellee.
 
 1
 No. 96-55346.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted June 6, 1997.
July 3, 1997.
 
 3
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Volinn, Jones, and Reigle, Judges, Presiding
 
 
 4
 Before: BROWNING, FLETCHER, and KOZINSKI, Circuit Judges
 
 
 5
 MEMORANDUM*
 
 I.
 
 6
 The Bankruptcy Appellate Panel (BAP) properly applied judicial estoppel to the Baleses' argument that the 1986 transaction was usurious. The Baleses' characterization of the transaction as a sale and leaseback in 1986 is flatly inconsistent with their present contention that the transaction was a loan. Because the bankruptcy court adopted the Baleses' contention that the transaction was a sale and leaseback, we need not decide whether judicial estoppel would apply if the court had not done so. See Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 601 (9th Cir.1996) (noting this court has not yet decided whether adoption by the court of the prior inconsistent position is necessary).
 
 
 7
 We reject the Baleses' defense that they were mistaken in 1986 as to the true nature of the transaction. They had every opportunity to investigate whether the transaction was a usurious loan before entering into the deal. Cf. Helfand v. Gerson, 105 F.3d 530, 536 (9th Cir.1997) (judicial estoppel applied despite claim of mistake where litigant at fault for failing to obtain the necessary information).
 
 II.
 
 8
 The 1993 modification did not change the nature of the original transaction. The modification was described as a "supplemental agreement," and it only amended details of the original agreement, not its structure.
 
 III.
 
 9
 The Baleses are not entitled to recover interest payments made on the four notes secured by deeds of trust on the property. Clayton Bales admitted the 1986 agreement obligated the Baleses to make these payments. The fact that the 1993 modification required the Baleses to make these payments into an impound account does not give rise to an inference they had no prior obligation to make such payments at all.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3